438 F.2d 1222
 Donald W. CUMBEST and American National Insurance Company,
Plaintiffs-Appellees,
v.
PHOENIX OF HARTFORD INSURANCE COMPANY, Defendant-Appellant.
No. 30639 Summary Calendar.*
* Rule 18, 5 Cir.; See Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of New York, et al., 5 Cir., 1970, 431
F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 March 12, 1971.
 
 W. F. Goodman, Jr., Jackson, Miss., Bryant & Stennis, Gulfport, Miss., Watkins & Eager, Jackson, Miss., of counsel, for appellant.
 Boyce L. Holleman, Gulfport, Miss., George D. Maxey, Laurel, Miss., Roger Landrum, Jackson, Miss., George Shaddock, Pascagoula, Miss., Cumbest, Cumbest & Shaddock, Pascagoula, Miss., of counsel, for appellees.
 Before THORNBERRY, MORGAN and CLARK, Circuit Judges.
 PER CURIAM:
 
 
 1
 Donald W. Cumbest sued appellant Phoenix of Hartford Insurance Company on an insurance policy, alleging destruction of his house by windstorm during Hurricane Camille on August 17, 1969. The coverage of the house by the policy was $60,000 and the coverage of the contents was $16,000. The trial resulted in a jury verdict for appellee Cumbest in the amount of $70,000.
 
 
 2
 As the appellants did in Home Insurance Co., New York v. Sherrill, 5 Cir., 1949, 174 F.2d 945, and in Royal Insurance Co., Ltd., v. Martinolich, 5 Cir., 1950, 179 F.2d 704, this appellant comes to this court complaining solely of the insufficiency of the evidence to support a verdict and judgment that plaintiff was entitled to recover under the policy.
 
 
 3
 Here, as there, appellant urges that the testimony of the plaintiff and his witnesses that before any water damage took effect, the damage to the full amount insured had already been done by the wind, is not only refuted by all other testimony, but made incredible by the undisputed facts so taht it cannot support the verdict. Here, as there, after a perusal of the evidence, we hold that the question upon the record was a question of fact for the jury. See Firemen's Insurance Co. of Newark, N.J. v. Schulte (Supreme Ct. Miss., 1967), 200 So.2d 440.
 
 
 4
 The judgment is affirmed.
 
 
 5
 Affirmed.